### J. C. BOGERT CO. v. HARPOOTLIAN et al.

(Supreme Court, Appellate Term. December 22, 1911.)

1. COURTS (§ 190*)—MUNICIPAL COURTS—APPEAL—CONFLICTING TESTIMONY.

The Appellate Term on appeal from a judgment of the Municipal Court must for the purposes of the trial deem that all conflicts in the testimony were resolved in favor of the successful party.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

2. PRINCIPAL AND AGENT (§ 99*)—EVIDENCE OF AGENCY.

A firm, engaging in the rug and general importing business, permitted a cousin of the partners to use the firm office for a flour business conducted in the firm name. The partners authorized the cousin to use the firm letter heads and address, and they furnished him with checks to meet obligations incurred in the firm name and delivered to him letters addressed to the firm in connection with the flour business and allowed him to answer them in the firm name. Held, to show that one having a transaction with the cousin in relation to the flour business was entitled to assume that he had authority to represent the firm so as to make the firm liable.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 254–261; Dec. Dig. § 99.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by J. C. Bogert Company against Levon H. Harpootlian and another, partners. From a judgment of the Municipal Court for defendants, plaintiff appeals. Reversed, and new trial granted.

Argued before GIEGERICH, LEHMAN, and PENDLETON, JJ.

Paul M. Crandall, for appellant.

Joseph G. Abramson, for respondents.

LEHMAN, J. The defendants are copartners doing business under the firm name of Harpootlian & Co. at 828 Broadway. On October 10, 1910, the plaintiff entered into a contract whereby it agreed to sell and deliver to Harpootlian & Co. 1,000 barrels of flour. This contract was signed "Harpootlian & Co., by C. S. H." It is not disputed that the plaintiff had no personal negotiations with either of the de-

fendants, but its dealings were entirely with C. S. Harpootlian, who signed the contract. At the trial the defendant Levon Harpootlian and C. S. Harpootlian both testified that the latter had no authority to represent the firm of which the defendants were copartners, but represented only himself. Upon this testimony the trial justice gave judgment for the defendants.

[1] For the purposes of this trial all conflict of testimony must be held to have been resolved in favor of the defendants; but, even though I believe that the trial justice could properly believe the defendants, it seems to me that his judgment is erroneous upon the facts conceded by them.

[2] From their testimony it appears that they were engaged in a rug and general importing business at 828 Broadway. C. S. Harpootlian was their cousin and was engaged in the flour business. They permitted him to use their office. They did not object when he informed them that, as he expected his father to join him in the business, he would do business under the firm name of Harpootlian & Co. Since C. S. Harpootlian had not sufficient capital to start an independent bank account, they permitted him to deposit checks received by him in their account and gave him their firm checks to pay for some of his purchases. When letters came to the office addressed to Harpootlian & Co., the defendants received them and handed them over to C. S. Harpootlian if they had reference to any business in flour. In this way, when letters arrived from plaintiff addressed to Harpootlian & Co., they delivered them to C. S. Harpootlian. They also ·gave him their firm checks to pay for his accounts with plaintiff.

The defendants' attorney in his brief quotes from the case of Joseph v. Platt, 130 App. Div. 478, 114 N. Y. Supp. 1065, the rule of law applicable to these facts:

"To infer authority to act as agent where no actual authority is given, some act of the principal must be shown which gives the agent apparent authority to act, under which one dealing with the agent is entitled to assume the agent's authority."

It seems to me that this rule requires us to reverse the judgment in defendants' favor.

They have authorized their cousin to do business at their address, in their firm name, using their letter heads or letter heads with the same name and address. They have furnished him with their checks to meet obligations incurred in their firm name, and have further delivered to him letters addressed to themselves, allowing him to answer them in their firm name. It is idle for them now to argue that he had a right to the name of Harpootlian and could do business without their permission under the name of Harpootlian & Co. They have by their own acts given C. S. Harpootlian the apparent power to represent them. They have been silent when letters arrived addressed to them in regard to his transactions carried on in their name, and under these circumstances the plaintiffs were well entitled to assume the agent's authority.

Judgment should be reversed, and a new trial, granted, with costs to appellant to abide the event. All concur.